# FEDERAL PUBLIC DEFENDER

WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

JUDY F. MADEWELL
FIRST ASSISTANT
──────────

CHRISTOPHER J. CARLIN | *ALPINE*
HORATIO R. ALDREDGE | *AUSTIN*
BIANCA ROCHA DEL RIO | *DEL RIO*
REGINALDO TREJO, JR. | *EL PASO*
EDGAR HOLGUIN | *EL PASO*
JOHN J. VELASQUEZ | *MIDLAND*
KRISTIN M. KIMMELMAN | *SAN ANTONIO*
LEWIS B. GAINOR | *WACO*
SUPERVISORY ASSISTANTS

300 CONVENT STREET
SUITE 2300
SAN ANTONIO, TEXAS 78205-3744

TELEPHONE
(210) 472-6700
TOLL FREE
(855) 867-3570
FACSIMILE
(210) 472-4454
──────────
ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND
PECOS
WACO

December 29, 2025

Mr. Lyle W. Cayce, Clerk of the Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *United States v. Burger*, Nos. 25-50976 & 25-51021
       Burger's Letter Brief on the Need for Interim Relief

Dear Mr. Cayce,

No interim relief is required in these cases.

Today, the district court held a motions hearing. At the end of the hearing, the district court ordered that Burger be released to the custody of his grandfather pending appeal and imposed strict conditions of release, including:

- home detention;
- GPS location monitoring;
- not possessing firearms, destructive devices, or other weapons; and
- continuing to attend counseling.

*See* Att. A (district court order setting conditions of release).

With this latest hearing and order, the district court has now addressed the concerns the motions panel noted when it administratively stayed the district court's earlier order releasing Burger unconditionally on personal recognizance. *See* ECF No. 79-1. *First*, although the motions panel was concerned that "there ha[d] been no involvement by Pretrial Services" with the earlier order, *id* at 3, Pretrial Services was at the hearing today and the district court consulted with

them when setting conditions of release. *Second*, the motions panel noted that the district court's earlier order "reflects only the representations of defendant's counsel that Burger 'lives with his family,' allegedly 'has no access to firearms' at this time and is 'undergoing counselling.'" *Id.* Today, Burger's grandfather testified at the hearing and confirmed that he has no internet access or firearms at the home where Burger will live. And Burger submitted a letter he wrote detailing his ongoing counseling with Parents4Peace and the continuing support of his family. *Third*, the motions panel noted that Burger's counsel believed, at the initial detention hearing held back in May 2025, that strict conditions of release may be required. *Id.* The district court has now imposed strict conditions. *See* Att. A.

Indeed, the government itself has suggested that release with strict conditions of supervision and monitoring—which the district court has now imposed—would ensure Burger's appearance and protect the public. *See, e.g.*, Gov't Emergency Mot. to Stay (ECF No. 12-1) at 15 (arguing that "releas[ing] Burger under supervision … would better assure public safety while this Court considers this appeal"); Gov't Reply in Support of Emergency Mot. to Vacate (ECF No. 71) at 6 ("The government has consistently sought emergency intervention resulting in Burger's detention *or carefully supervised and conditional release*." (emphasis added)).

In short, no interim relief is needed given the district court's order today releasing Burger pending appeal subject to strict conditions. The Court should withdraw the administrative stays that the motions panel entered in each of these consolidated appeals, *see* ECF No. 79-1, which are now moot.

    Respectfully submitted,

    MAUREEN SCOTT FRANCO
    Federal Public Defender

    s/ Carl R. Hennies
    CARL R. HENNIES
    Assistant Federal Public Defender

**ATTACHMENT A**

District Court Order Setting Conditions of Release
December 29, 2025

AO 199A (Rev. 06/19) Order Setting Conditions of Release

Page 1 of 4 Pages

# UNITED STATES DISTRICT COURT
## for the
## Western District of Texas

FILED
DEC 29 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ VR _____
            DEPUTY CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. **1:25-CR-00332-ADA-SH** |
| **James Wesley Burger** | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: **United States Courthouse, 501 West 5th Street, Austin, Texas**
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/20) Additional Conditions of Release                                    Page 2 of 4 Pages

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(X) (6) The defendant is placed in the custody of: **THOMAS J. BURGER**
Person or organization
Address *(only if above is an organization)*
City and state **Vero Beach FL**                                                    Tel. No.
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: *Thomas B____*  12/29/2025
Custodian  Date

(X) (7) The defendant must:
(X)   (a) submit to supervision by and report for supervision to the **U.S. Pretrial Services Office**,
     telephone number, **(512) 916-5297**, no later than **as directed.**
(X)   (b) continue or actively seek employment.
( )   (c) continue or start an education program.
( )   (d) surrender any passport to: **U.S. Pretrial Services.**
(X)   (e) not obtain a passport or other international travel document.
(X)   (f) abide by the following restrictions on personal association, residence, or travel: **Travel restricted to St. Lucie and surrounding counties unless authorized by the Court or U.S. Pretrial Services. May travel to Austin, TX for court and to meet with counsel. No foreign tr[avel].**
(X)   (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: **All co-defendants.**
(X)   (h) get medical or psychiatric treatment: _____
( )   (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
( )   (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
(X)   (k) not possess a firearm, destructive device, or other weapon.
(X)   (l) not use alcohol [X] at all [ ] excessively.
(X)   (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(X)   (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
(X)   (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(X)   (p) participate in one of the following location restriction programs and comply with its requirements as directed.
    [ ] (i) **Curfew.** You are restricted to your residence every day [ ] from _____ to _____, or [ ] as directed by the pretrial services office or supervising officer; or
    [X] (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    [ ] (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
    [ ] (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
    Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20) Additional Conditions of Release                                              Page 3 of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

( X ) (q) submit to the following location monitoring technology and comply with its requirements as directed:
  - ☐ (i) Location monitoring technology as directed by the pretrial services or supervising officer; or
  - ☐ (ii) Voice Recognition; or
  - ☐ (iii) Radio Frequency; or
  - ☒ (iv) GPS.

( X ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( X ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including questioning, or traffic stops.

( X ) (t) **Pay all or part of the costs for referrals (treatment, drug testing, residential placement) based upon your ability to pay as directed by the pretrial services or supervising officer.**

AO 199C (Rev. 09/08) Advice of Penalties                                    Page __4__ of __4__ Pages

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____ *James Burger* _____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

(X) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 12/29/2025                            _____
                                            *Judicial Officer's Signature*
                                            Alan Albright, U.S. District Judge
                                            *Printed name and title*

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL