# No. 25-50976
### consolidated with
# No. 25-51021

# In the United States Court of Appeals for the Fifth Circuit

**United States of America,**

Plaintiff-Appellant,

v.

**James Wesley Burger,**

Defendant-Appellee.

On Appeal from the United States District Court
for the Western District of Texas

## RECORD EXCERPTS

Justin R. Simmons
United States Attorney

Zachary C. Richter
Mark T. Roomberg
Assistant United States Attorneys
Western District of Texas
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 916-5858

# Table of Contents

| Number | Description | Record Citation |
|--------|-------------|-----------------|
| Tab 1 | Docket Sheet, *United States v. Burger,* 1:25-cr-00332-ADA-SH-1 | ROA.1-10 |
| Tab 2 | Notice of Appeal | ROA.496-497 |
| Tab 3 | Notice of Appeal – Final Judgment | ROA.532-533 |
| Tab 4 | Indictment | ROA.72-73 |
| Tab 5 | Superseding Indictment | ROA.96-98 |
| Tab 6 | Order Dismissing Indictment | ROA.495 |
| Tab 7 | Order Dismissing Indictment | ROA.523-530 |
| Tab 8 | Order of Detention | ROA.33-34 |
| Tab 9 | Order on Motion to Stay | ROA.493-494 |
| Tab 10 | Order on Motion for Hearing | ROA.514-515 |

**TAB 1**

APPEAL,LIMITED_REFERRAL,MAG

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CRIMINAL DOCKET FOR CASE #: 1:25-cr-00332-ADA-SH-1

Case title: USA v. Burger

Other court case number:  25-50976 USCA Fifth Circuit
Magistrate judge case number:  1:25-mj-00583-ML

Date Filed: 06/17/2025

Assigned to: Judge Alan D Albright
Referred to: Judge Susan Hightower

**Defendant (1)**

**James Wesley Burger**                    represented by    **Jose I. Gonzalez-Falla**
Federal Public Defender
Lavaca Plaza
504 Lavaca St., Ste 960
Austin, TX 78701
(512)916-5025
Fax: (512)916-5035
Email: jose_gonzalez-falla@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**Duty Pub. Defender-Austin**
Office of the Federal Public Defender
Austin Division
504 Lavaca St., Suite 960
Austin, TX 78701
(512) 916-5025
Fax: (512) 916-5035
Email: norma_g_medrano@fd.org
*TERMINATED: 05/19/2025*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**Charlotte Anne Herring**
Federal Public Defender
504 Lavaca Street Suite 960
Austin, TX 78701
512-916-5025
Email: Charly_Herring@fd.org

*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**Jesus M. Salinas , Jr.**
SEPARATED Federal Public Defender
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, TX 78701
512-916-5025
Fax: 512-916-5035
Email: norma_g_medrano@fd.org
*TERMINATED: 08/08/2025*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:875C.F=INTERSTATE COMMUNICATIONS - THREATS (1s) | Pursuant to the Court's Order entered on 11/26/2025, the Superseding Indictment (Counts, 1s, 2s, 3s) is Dismissed |
| INTERSTATE COMMUNICATIONS - THREATS (2s) | Pursuant to the Court's Order entered on 11/26/2025, the Superseding Indictment (Counts, 1s, 2s, 3s) is Dismissed |
| 18:875C.F=INTERSTATE COMMUNICATIONS - THREATS (3s) | Pursuant to the Court's Order entered on 11/26/2025, the Superseding Indictment (Counts, 1s, 2s, 3s) is Dismissed |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:875C.F=INTERSTATE COMMUNICATIONS - THREATS (1) | Pursuant to the Court's Order entered on 11/26/2025, the Superseding Indictment (Counts, 1s, 2s, 3s) is Dismissed |
| 18:875C.F=INTERSTATE COMMUNICATIONS - THREATS (2) | Pursuant to the Court's Order entered on 11/26/2025, the Superseding Indictment (Counts, 1s, 2s, 3s) is Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| 18:875C.F Threats communicated in interstate commerce | Pursuant to the Court's Order entered on 11/26/2025, the Superseding Indictment (Counts, 1s, 2s, 3s) is Dismissed |

**Plaintiff**

**USA**                                 represented by   **Girish Karthik Srinivasan**
                                                         U.S. Attorney's Office
                                                         903 San Jacinto Blvd, #334
                                                         Austin, TX 78701
                                                         512-916-5858
                                                         Fax: 512-916-5854
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Keith Mason Henneke**
                                                         U.S. Attorney's Office
                                                         Western District of Texas
                                                         903 San Jacinto Blvd., Suite 334
                                                         Austin, TX 78701
                                                         512-370-1291
                                                         Email: Keith.Henneke@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Mark T. Roomberg**
                                                         Assistant U.S. Attorney
                                                         U.S. Department of Justice
                                                         601 NW Loop 410
                                                         Suite 600
                                                         San Antonio, TX 78216
                                                         (210) 384-7025
                                                         Fax: 210/384-7105
                                                         Email: mark.roomberg@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/16/2025 | 1 (p.11) | COMPLAINT Signed by Judge Mark Lane as to James Wesley Burger (1). (sc) [1:25-mj-00583-ML] (Entered: 05/16/2025) |
| 05/16/2025 | 2 (p.22) | Arrest Warrant Issued by Judge Mark Lane as to James Wesley Burger. (sc) [1:25-mj-00583-ML] (Entered: 05/16/2025) |
| 05/16/2025 | 3 (p.23) | MOTION to Detain Defendant without Bond by USA as to James Wesley Burger. (sc) [1:25-mj-00583-ML] (Entered: 05/16/2025) |
| 05/19/2025 | | Arrest of James Wesley Burger (knf) [1:25-mj-00583-ML] (Entered: 05/19/2025) |
| 05/19/2025 | 4 | CJA 23 Financial Affidavit by James Wesley Burger (SEALED pursuant to E-Government Act of 2002). (knf) [1:25-mj-00583-ML] (Entered: 05/19/2025) |
| 05/19/2025 | 5 | Minute Entry for proceedings held before Judge Mark Lane:Initial Appearance as to James Wesley Burger held on 5/19/2025 (Minute entry documents are not available electronically.), Spanish Language Interpreter NOT required as to James Wesley Burger (Court Reporter FTR Austin.) (knf) [1:25-mj-00583-ML] (Entered: |

| | | 05/19/2025) |
|---|---|---|
| 05/19/2025 | 6 (p.25) | Order Regarding Financial Status as to James Wesley Burger. Signed by Judge Mark Lane. (knf) [1:25-mj-00583-ML] (Entered: 05/19/2025) |
| 05/19/2025 | 7 (p.26) | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Duty Pub. Defender-Austin for James Wesley Burger. Signed by Judge Mark Lane. (knf) [1:25-mj-00583-ML] (Entered: 05/19/2025) |
| 05/19/2025 | 8 (p.27) | ORDER OF TEMPORARY DETENTION: Bond set to NO BOND as to James Wesley Burger Preliminary and Detention Hearing set for 5/22/2025 at 09:00 AM in Austin before Judge Mark Lane. Signed by Judge Mark Lane. (knf) [1:25-mj-00583-ML] (Entered: 05/19/2025) |
| 05/19/2025 | 9 (p.30) | NOTICE OF ATTORNEY APPEARANCE: Jesus M. Salinas, Jr appearing for James Wesley Burger . Attorney Jesus M. Salinas, Jr added to party James Wesley Burger(pty:dft) (Salinas, Jesus) [1:25-mj-00583-ML] (Entered: 05/19/2025) |
| 05/19/2025 | 10 (p.31) | Arrest Warrant Returned Executed on 5/19/2025 as to James Wesley Burger. (knf) [1:25-mj-00583-ML] (Entered: 05/19/2025) |
| 05/22/2025 | 11 (p.32) | ORDER RESETTING as to James Wesley Burger ( Preliminary and Detention Hearing set for 5/27/2025 11:00 AM in Austin before Judge Mark Lane). Signed by Judge Mark Lane. (mlg) [1:25-mj-00583-ML] (Entered: 05/22/2025) |
| 05/27/2025 | 12 | Minute Entry for proceedings held before Judge Mark Lane:Preliminary and Detention Hearing as to James Wesley Burger held on 5/27/2025 (Minute entry documents are not available electronically.) (Court Reporter FTR Austin.) (mlg) [1:25-mj-00583-ML] (Entered: 05/27/2025) |
| 05/27/2025 | 13 (p.33) | ORDER OF DETENTION: Bond set to NO BOND as to James Wesley Burger. Signed by Judge Mark Lane. (mlg) [1:25-mj-00583-ML] (Entered: 05/27/2025) |
| 05/27/2025 | 14 (p.35) | EXHIBIT LIST for Preliminary and Detention Hearing (DKT #12) by USA as to James Wesley Burger (mlg) (Additional attachment(s) added on 5/27/2025: # 1 (p.11) Exhibit Government Exhibit 1, # 2 (p.22) Exhibit Government Exhibit 2, # 3 (p.23) Exhibit Government Exhibit 3, # 4 Exhibit Government Exhibit 12) (mlg). [1:25-mj-00583-ML] (Entered: 05/27/2025) |
| 05/27/2025 | 15 (p.65) | WITNESS LIST for Preliminary and Detention Hearing (dkt #12) by USA as to James Wesley Burger (mlg) [1:25-mj-00583-ML] (Entered: 05/27/2025) |
| 05/27/2025 | 16 (p.66) | EXHIBIT LIST for Preliminary and Detention Hearing (dkt #12) by James Wesley Burger (mlg) (Additional attachment(s) added on 5/27/2025: # 1 (p.11) Exhibit Defts Exhibit 1) (mlg). [1:25-mj-00583-ML] (Entered: 05/27/2025) |
| 05/30/2025 | 17 (p.71) | Arrest Warrant Returned Executed on 05/19/2025 as to James Wesley Burger. (mlg) [1:25-mj-00583-ML] (Entered: 05/30/2025) |
| 06/17/2025 | 20 | Personal Data Sheet (SEALED) as to James Wesley Burger. (cnr) (Entered: 06/17/2025) |
| 06/17/2025 | 19 (p.72) | INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E-Government Act of 2002 as to James Wesley Burger (1) count(s) 1, 2. (cnr) (Entered: 06/26/2025) |
| 06/23/2025 | 21 | ORDER SETTING ARRAIGNMENT as to James Wesley Burger. (**Arraignment set** |

| | | |
|---|---|---|
| | (p.74) | for 6/26/2025 at 11:00 A.M. in Austin before Judge Dustin M. Howell). Signed by Judge Dustin M. Howell. (cnr) (Entered: 06/23/2025) |
| 06/25/2025 | 22 | SEALED MOTION filed (Attachments: # 1 (p.11) Proposed Order) (Srinivasan, G.) (Entered: 06/25/2025) |
| 06/26/2025 | 23 | Minute Entry for proceedings held before Judge Dustin M. Howell:Arraignment as to James Wesley Burger (1) Count 1,2. Plea of not guilty entered on 6/26/2025 (Minute entry documents are not available electronically.), Due Process Protections Act Warning given in Open Court as to James Wesley Burger (Court Reporter FTR.) (klw) (Entered: 06/27/2025) |
| 06/26/2025 | 24 (p.75) | Order Regarding Due Process Protections Act as to James Wesley Burger. Signed by Judge Dustin M. Howell. (klw) (Entered: 06/27/2025) |
| 07/07/2025 | 25 (p.76) | SCHEDULING ORDER as to James Wesley Burger. Plea Agreement due by 8/4/2025, (*Should a Plea Agreement be reached*) Rearraignment set for 8/12/2025 at 10:00 A.M. in Austin before Judge Mark Lane, Jury Selection set for 9/8/2025 at 9:00 A.M. in Austin before Judge Alan D Albright, and Jury Trial set for 9/8/2025 at 9:00 A.M. in Austin before Judge Alan D Albright. Signed by Judge Alan D Albright. (cnr) (Entered: 07/07/2025) |
| 07/07/2025 | 26 (p.77) | Order Concerning Courtroom Decorum and Trial Procedures as to James Wesley Burger. Signed by Judge Alan D Albright. (cnr) (Entered: 07/07/2025) |
| 07/07/2025 | 27 | *SEALED* Discovery Protective Order. Signed by Judge Alan D Albright. (cnr) (Entered: 07/07/2025) |
| 07/09/2025 | | Case as to James Wesley Burger Referred to Magistrate Judge Susan Hightower. (klw) (Entered: 07/09/2025) |
| 07/25/2025 | 28 (p.80) | NOTICE OF ATTORNEY APPEARANCE: Jose I. Gonzalez-Falla appearing for James Wesley Burger . Attorney Jose I. Gonzalez-Falla added to party James Wesley Burger(pty:dft) (Gonzalez-Falla, Jose) (Entered: 07/25/2025) |
| 07/25/2025 | 29 (p.81) | NOTICE OF ATTORNEY APPEARANCE: Charlotte Anne Herring appearing for James Wesley Burger . Attorney Charlotte Anne Herring added to party James Wesley Burger(pty:dft) (Herring, Charlotte) (Entered: 07/25/2025) |
| 08/01/2025 | 30 (p.82) | Unopposed MOTION to Continue *All Settings* by James Wesley Burger.. Motions referred to Judge Susan Hightower. (Gonzalez-Falla, Jose) (Entered: 08/01/2025) |
| 08/04/2025 | 31 (p.85) | NOTICE OF ATTORNEY APPEARANCE Mark T. Roomberg appearing for USA. . Attorney Mark T. Roomberg added to party USA(pty:pla) (Roomberg, Mark) (Entered: 08/04/2025) |
| 08/04/2025 | 32 (p.87) | MOTION to Withdraw as Attorney by James Wesley Burger.. Motions referred to Judge Susan Hightower. (Salinas, Jesus) (Entered: 08/04/2025) |
| 08/05/2025 | 33 (p.90) | ORDER GRANTING 30 (p.82) Motion to Continue as to James Wesley Burger (1). Jury Selection RESET for 12/1/2025 09:00 AM in Austin before Judge Alan D Albright, Jury Trial RESET for 12/1/2025 09:00 AM in Austin before Judge Alan D Albright, and Rearraignment RESET for 11/12/2025 02:00 PM in Austin before Judge Mark Lane. Signed by Judge Alan D Albright. (cnr) (Entered: 08/06/2025) |
| 08/08/2025 | 34 (p.91) | ORDER GRANTING 32 (p.87) Motion to Withdraw as Attorney as to James Wesley Burger (1). Signed by Judge Susan Hightower. (cnr) (Entered: 08/08/2025) |

| | | |
|---|---|---|
| 08/08/2025 | | Attorney Jesus M. Salinas, Jr terminated as to James Wesley Burger. (cnr) (Entered: 08/08/2025) |
| 08/27/2025 | 35 (p.92) | NOTICE OF ATTORNEY APPEARANCE Mark T. Roomberg appearing for USA. *Corrected* (Roomberg, Mark) (Entered: 08/27/2025) |
| 10/15/2025 | 36 (p.94) | NOTICE OF ATTORNEY APPEARANCE Keith Mason Henneke appearing for USA. . Attorney Keith Mason Henneke added to party USA(pty:pla) (Henneke, Keith) (Entered: 10/15/2025) |
| 10/21/2025 | 40 (p.96) | SUPERSEDING INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E-Government Act of 2002 as to James Wesley Burger (1) count(s) 1s, 2s, 3s. (cnr) (Entered: 10/21/2025) |
| 10/21/2025 | 41 | Personal Data Sheet (SEALED) as to James Wesley Burger. (cnr) (Entered: 10/21/2025) |
| 10/22/2025 | 44 (p.99) | ORDER Setting Arraignment with Proposed Notice of Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty attached as to James Wesley Burger. Arraignment set for 10/27/2025 08:30 AM in Austin before Judge Susan Hightower. Signed by Judge Susan Hightower. (cnr) (Entered: 10/22/2025) |
| 10/27/2025 | 46 (p.101) | Waiver of personal appearance at Arraignment, plea of not guilty by James Wesley Burger (Gonzalez-Falla, Jose) (Entered: 10/27/2025) |
| 10/27/2025 | 47 (p.102) | Order Accepting Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by James Wesley Burger. Signed by Judge Susan Hightower. (cnr) (Entered: 10/28/2025) |
| 10/29/2025 | 48 (p.103) | SCHEDULING ORDER as to James Wesley Burger. Plea Agreement due by 11/3/2025, Rearraignment set for 11/12/2025 02:00 PM in Austin before Judge Mark Lane, Jury Selection set for 12/8/2025 09:00 AM in Austin before Judge Alan D Albright, and Jury Trial set for 12/8/2025 09:00 AM in Austin before Judge Alan D Albright. Signed by Judge Alan D Albright. (cnr) (Entered: 10/29/2025) |
| 10/29/2025 | 49 (p.104) | Order Concerning Courtroom Decorum and Trial Procedures as to James Wesley Burger. Signed by Judge Alan D Albright. (cnr) (Entered: 10/29/2025) |
| 11/03/2025 | 52 (p.107) | MOTION to Suppress *Statements* by James Wesley Burger.. Motions referred to Judge Susan Hightower. (Attachments: # 1 (p.11) Exhibit A)(Gonzalez-Falla, Jose) (Entered: 11/03/2025) |
| 11/03/2025 | 53 (p.351) | MOTION to Dismiss Indictment/Information by James Wesley Burger.. Motions referred to Judge Susan Hightower. (Gonzalez-Falla, Jose) (Entered: 11/03/2025) |
| 11/06/2025 | 55 (p.376) | ORDER RESETTING JURY SELECTION AND TRIAL; REFERRING CASE TO UNITED STATES MAGISTRATE JUDGE FOR JURY SELECTION as to James Wesley Burger. (Jury Selection RESET for 12/1/2025 09:00 AM in Austin before Judge Susan Hightower, Jury Trial RESET for 12/2/2025 09:00 AM in Austin before Judge Alan D Albright). Signed by Judge Alan D Albright. (cnr) (Entered: 11/06/2025) |
| 11/10/2025 | 56 (p.377) | NOTICE of Intent to Use Evidence by USA as to James Wesley Burger (Roomberg, Mark) (Entered: 11/10/2025) |
| 11/10/2025 | 57 (p.382) | ORDER as to James Wesley Burger, Set Motions Hearing in case as to James Wesley Burger 52 (p.107) MOTION to Suppress *Statements*, 53 (p.351) MOTION to Dismiss |

| | | |
|---|---|---|
| | | Indictment/Information . ( Motions Hearing set for 11/18/2025 03:30 PM in Austin before Judge Alan D Albright). Signed by Judge Alan D Albright. (pg) (Entered: 11/10/2025) |
| 11/12/2025 | 58 (p.383) | NOTICE of Intent to Use Evidence by USA as to James Wesley Burger *(Amended)* (Roomberg, Mark) (Entered: 11/12/2025) |
| 11/13/2025 | 59 (p.388) | RESPONSE TO MOTION by USA as to James Wesley Burger re 53 (p.351) MOTION to Dismiss Indictment/Information filed by Defendant James Wesley Burger (Roomberg, Mark) (Entered: 11/13/2025) |
| 11/13/2025 | 60 (p.405) | NOTICE by USA as to James Wesley Burger re 52 (p.107) MOTION to Suppress *Statements* (Henneke, Keith) (Entered: 11/13/2025) |
| 11/14/2025 | 61 (p.407) | NOTICE to Attorneys regarding Jury Evidence Recording System (JERS) Instructions. (cnr) (Entered: 11/14/2025) |
| 11/17/2025 | 63 (p.410) | REPLY TO RESPONSE to Motion by James Wesley Burger re 53 (p.351) MOTION to Dismiss Indictment/Information filed by Defendant James Wesley Burger (Gonzalez-Falla, Jose) (Entered: 11/17/2025) |
| 11/17/2025 | 64 (p.418) | NOTICE *Expert Witness Testimony* by USA as to James Wesley Burger (Attachments: # 1 (p.11) Laboratory Report, # 2 (p.22) Expert Witness Letter, # 3 (p.23) CV David R. Krueger, # 4 CV Christine M. Marsh)(Roomberg, Mark) (Entered: 11/17/2025) |
| 11/17/2025 | 65 (p.437) | Response by James Wesley Burger re 58 (p.383) Notice of Intent to Use Evidence (Herring, Charlotte) (Entered: 11/17/2025) |
| 11/18/2025 | 66 | Minute Entry for proceedings held before Judge Alan D Albright:Motion Hearing as to James Wesley Burger held on 11/18/2025 re 53 (p.351) MOTION to Dismiss Indictment/Information filed by James Wesley Burger, 52 (p.107) MOTION to Suppress *Statements* filed by James Wesley Burger (Minute entry documents are not available electronically.) (Court Reporter Kristie Davis.) (cnr) (Entered: 11/19/2025) |
| 11/19/2025 | 67 (p.454) | Order Setting Status Conference as to James Wesley Burger. (Status Conference set for 11/24/2025 10:00 AM in Austin before Judge Alan D Albright). Signed by Judge Alan D Albright. (cnr) (Entered: 11/19/2025) |
| 11/19/2025 | 68 (p.455) | Supplement by James Wesley Burger *Post-Hearing Supplement to Motion to Dismiss* (Gonzalez-Falla, Jose) (Entered: 11/19/2025) |
| 11/20/2025 | 69 (p.462) | Supplement by USA as to James Wesley Burger re 52 (p.107) MOTION to Suppress *Statements Post-Hearing Supplement in Opposition* (Roomberg, Mark) (Entered: 11/20/2025) |
| 11/21/2025 | 70 (p.467) | Supplement by USA as to James Wesley Burger re 53 (p.351) MOTION to Dismiss Indictment/Information *[CORRECTED]* (Henneke, Keith) (Entered: 11/21/2025) |
| 11/21/2025 | 71 (p.472) | EXHIBIT LIST by USA as to James Wesley Burger (Henneke, Keith) (Entered: 11/21/2025) |
| 11/24/2025 | 72 (p.475) | MOTION to Stay *Order Dismissing Superseding Indictment and Release Pending Appeal* by USA as to James Wesley Burger.. Motions referred to Judge Susan Hightower. (Henneke, Keith) (Entered: 11/24/2025) |
| 11/24/2025 | 73 | Minute Entry for proceedings held before Judge Alan D Albright:Status Conference |

| | | |
|---|---|---|
| | | as to James Wesley Burger held on 11/24/2025 (Minute entry documents are not available electronically.) (Court Reporter Kristie Davis.) (cnr) (Entered: 11/24/2025) |
| 11/24/2025 | 74 (p.478) | RESPONSE TO MOTION by James Wesley Burger re 72 (p.475) MOTION to Stay *Order Dismissing Superseding Indictment and Release Pending Appeal* filed by Plaintiff USA (Gonzalez-Falla, Jose) (Entered: 11/24/2025) |
| 11/25/2025 | 75 (p.483) | MEMORANDUM IN SUPPORT OF MOTION by USA as to James Wesley Burger re 72 (p.475) MOTION to Stay *Order Dismissing Superseding Indictment and Release Pending Appeal* filed by Plaintiff USA (Henneke, Keith) (Entered: 11/25/2025) |
| 11/25/2025 | 76 (p.493) | ORDER DENYING Government's 72 (p.475) Motion to Stay Order Dismissing Superseding Indictment and Release Pending Appeal as to James Wesley Burger (1). Signed by Judge Alan D Albright. (cnr) (Entered: 11/25/2025) |
| 11/26/2025 | 77 (p.495) | Order Dismissing 40 (p.96) Superseding Indictment. Signed by Judge Alan D Albright. (cnr) (Entered: 11/26/2025) |
| 11/26/2025 | 78 (p.496) | Appeal of Final Judgment 77 (p.495) , 76 (p.493) by USA as to James Wesley Burger. No filing fee submitted (Henneke, Keith) (Entered: 11/26/2025) |
| 11/26/2025 | | NOTICE OF APPEAL following 78 (p.496) Notice of Appeal (E-Filed) by USA as to James Wesley Burger Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a Transcript Order and follow the instructions set out on the form. If the appellant has a court appointed attorney under CJA, the CJA 24 vouchers must be completed in the E-voucher system. (cnr) (Entered: 11/26/2025) |
| 12/01/2025 | 88 (p.519) | TRANSCRIPT REQUEST by USA as to James Wesley Burger for dates of 11/18/2025 and 11/24/25 before Judge Albright, Proceedings Transcribed: Sentencing / Bail Hearing. Court Reporter: Kristie Davis. re Notice of Appeal - Final Judgment. (klw) (Entered: 12/09/2025) |
| 12/03/2025 | 79 (p.498) | MOTION for Hearing *re: Detention/Bond* by USA as to James Wesley Burger.. Motions referred to Judge Susan Hightower. (Henneke, Keith) (Entered: 12/03/2025) |
| 12/03/2025 | 80 (p.503) | USCA ORDER OF TEMPORARY ADMINISTRATIVE STAY of 10 days as to James Wesley Burger. (Attachments: # 1 (p.11) Fifth Circuit Letter). (cnr) (Entered: 12/03/2025) |
| 12/03/2025 | 81 (p.505) | MOTION *for Release Pending Government Appeal* by James Wesley Burger.. Motions referred to Judge Susan Hightower. (Gonzalez-Falla, Jose) (Entered: 12/03/2025) |
| 12/04/2025 | 82 (p.510) | RESPONSE in Opposition by USA as to James Wesley Burger re 81 (p.505) MOTION *for Release Pending Government Appeal* filed by Defendant James Wesley Burger (Henneke, Keith) (Entered: 12/04/2025) |
| 12/04/2025 | 83 (p.514) | ORDER DENYING Government's 79 (p.498) Motion for Detention/Bond Hearing as to James Wesley Burger (1); GRANTING Defendant's 81 (p.505) Motion for Release Pending Government Appeal as to James Wesley Burger (1). Signed by Judge Alan D Albright. (cnr) (Entered: 12/04/2025) |
| 12/04/2025 | 84 (p.516) | TRANSCRIPT REQUEST by James Wesley Burger for proceedings held on 11/18/2025; 11/24/2025 before Judge Alan D. Albright. Proceedings Transcribed: Motion Hearing; Status Conference. Court Reporter: Kristie Davis. (Gonzalez-Falla, |

| | | Jose) (Entered: 12/04/2025) |
|---|---|---|
| 12/04/2025 | 85 (p.619) | TRANSCRIPT filed of Proceedings as to James Wesley Burger held on 11-18-25 Proceedings Transcribed: Motions Hearing. Court Reporter/Transcriber Kristie Davis, Telephone number 2546660904. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 12/26/2025, Redacted Transcript Deadline set for 1/5/2026, Release of Transcript Restriction set for 3/4/2026, Appeal Record due by 12/19/2025, (kd) (Entered: 12/04/2025) |
| 12/04/2025 | 86 (p.682) | TRANSCRIPT filed of Proceedings as to James Wesley Burger held on 11-24-25 Proceedings Transcribed: Status Conference. Court Reporter/Transcriber Kristie Davis, Telephone number 2546660904. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 12/26/2025, Redacted Transcript Deadline set for 1/5/2026, Release of Transcript Restriction set for 3/4/2026, Appeal Record due by 12/19/2025, (kd) (Entered: 12/04/2025) |
| 12/09/2025 | 87 (p.517) | TRANSCRIPT REQUEST by USA as to James Wesley Burger for dates of 5/19/2025 and 6/26/2025 before Judge Lane (May) Howell (June),. Proceedings Transcribed: Arraignments held on 5/19/25 and 6/26/25. Court Reporter: Lily I. Reznik. re Notice of Appeal - Final Judgment,, (Roomberg, Mark) (Entered: 12/09/2025) |
| 12/09/2025 | 89 (p.521) | TRANSCRIPT REQUEST by USA as to James Wesley Burger for dates of 5/27/2025 before Judge Mark Lane,. Proceedings Transcribed: Detention. Court Reporter: Lily I. Reznik. re Notice of Appeal - Final Judgment,, (Roomberg, Mark) (Entered: 12/09/2025) |
| 12/09/2025 | 90 (p.542) | TRANSCRIPT filed of Proceedings as to James Wesley Burger held on May 27, 2025 Proceedings Transcribed: Preliminary/Detention Hearing. Court Reporter/Transcriber Lily I. Reznik, Telephone number 512-391-8792. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 12/30/2025, Redacted Transcript Deadline set for 1/9/2026, Release of Transcript Restriction set for 3/9/2026, Appeal Record due by 12/24/2025, (lr) (Entered: 12/09/2025) |
| 12/10/2025 | 91 (p.523) | Order Dismissing Indictment. Signed by Judge Alan D Albright. (cnr) (Entered: 12/10/2025) |
| 12/10/2025 | 92 (p.531) | TRANSCRIPT REQUEST by James Wesley Burger for proceedings held on 05/27/2025 before Judge Mark Lane. Proceedings Transcribed: Detention Hearing. Court Reporter: Lily I. Reznik. (Gonzalez-Falla, Jose) (Entered: 12/10/2025) |

| | | |
|---|---|---|
| 12/11/2025 | 93 (p.532) | NOTICE OF APPEAL by USA as to James Wesley Burger. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a Transcript Order and follow the instructions set out on the form. If the appellant has a court appointed attorney under CJA, the CJA 24 vouchers must be completed in the E-voucher system. (cnr) (Entered: 12/11/2025) |
| 12/11/2025 | 94 (p.534) | TRANSCRIPT filed of Proceedings as to James Wesley Burger held on May 19, 2025 Proceedings Transcribed: Initial Appearance. Court Reporter/Transcriber Lily I. Reznik, Telephone number 512-391-8792. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 1/2/2026, Redacted Transcript Deadline set for 1/12/2026, Release of Transcript Restriction set for 3/11/2026, Appeal Record due by 12/26/2025, (lr) (Entered: 12/11/2025) |
| 12/11/2025 | 95 (p.613) | TRANSCRIPT filed of Proceedings as to James Wesley Burger held on June 26, 2025 Proceedings Transcribed: Arraignment. Court Reporter/Transcriber Lily I. Reznik, Telephone number 512-391-8792. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. Redaction Request due 1/2/2026, Redacted Transcript Deadline set for 1/12/2026, Release of Transcript Restriction set for 3/11/2026, Appeal Record due by 12/26/2025, (lr) (Entered: 12/11/2025) |

**TAB 2**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,

  v.                         No. 1:25-cr-332-ADA

JAMES WESLEY BURGER,
   Defendant.

**NOTICE OF APPEAL**

The United States appeals to the United States Court of Appeals for the Fifth Circuit from this Court's oral order of November 24, 2025, dismissing the Superseding Indictment; its Order of November 25, 2025, denying the Government's Motion to Stay Order Dismissing Superseding Indictment and Release Pending Appeal (ECF No. 76); and its Order of November 26, 2025, granting the Defendant's Motion to Dismiss (ECF No. 77).

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:  */s/ Keith Henneke*
     KEITH HENNEKE
     Texas Bar No. 24054497
     MARK T. ROOMBERG
     Texas Bar No. 24062266
     Assistant United States Attorneys
     601 N.W. Loop 410, Suite 600
     San Antonio, Texas  78216
     (210) 384-7100

## Certificate of Service

I certify that on November 26, 2025, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.


/s/ Keith Henneke
KEITH HENNEKE
Assistant United States Attorney

**TAB 3**

**FILED**

December 11, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: __Christian Rodriguez__

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,
   Plaintiff,

v.

JAMES WESLEY BURGER,
   Defendant.

No. 1:25-cr-332-ADA

## NOTICE OF APPEAL

The United States appeals to the United States Court of Appeals for the Fifth Circuit from this Court's order of December 4, 2025 (ECF No. 83), denying the United States' motion for a detention or bond hearing and granting Defendant James Wesley Burger's motion for release pending government appeal.

Respectfully submitted,

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:   */s/ Mark T. Roomberg*
    MARK T. ROOMBERG
    Texas Bar No. 24062266
    KEITH HENNEKE
    Texas Bar No. 24054497
    Assistant United States Attorneys
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216
    (210) 384-7100

**Certificate of Service**

I certify that on December 11, 2025, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.


*/s/ Mark T. Roomberg*
MARK T. ROOMBERG
Assistant United States Attorney

**TAB 4**

FILED

June 17, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ SCC _____
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff**<br><br>v<br><br>**JAMES WESLEY BURGER**<br>**Defendant** | **INDICTMENT**<br><br>**[Cts. 1 & 2: 18 U.S.C. § 875(c) – Interstate Threatening Communication]**<br><br>**1:25-CR-00332-ADA** |

**THE GRAND JURY CHARGES:**

## COUNT ONE
### Interstate Threatening Communication
### [18 U.S.C. § 875(c)]

On or about January 23, 2025, in the Western District of Texas and elsewhere, Defendant,

## JAMES WESLEY BURGER,

did knowingly transmit in interstate commerce a communication, specifically, statements on Roblox publicly accessible to attack a Christian concert, and the communication contained a threat to injure the person of another. Specifically, the communication included a threat to "deal a grievous wound upon the followers of the Cross."

In violation of 18 U.S.C. § 875(c).

## COUNT TWO
### Interstate Threatening Communication
### [18 U.S.C. § 875(c)]

On or about January 27, 2025, in the Western District of Texas and elsewhere,

Defendant,

### JAMES WESLEY BURGER,

did knowingly transmit in interstate commerce a communication, specifically, statements on

Roblox publicly accessible to attack a Christian concert, and the communication contained a

threat to injure the person of another. Specifically, the communication included:

"I've come to conclude it will befall the 12 of Shawwal aa/And it will be a music
festival/Attracting bounties of Christians s/In'shaa'allah we willl attain martyrdom
/And deal a grevious wound upon the followers of the Cross /Pray for me and
enjoin yourself to martyrdom[.]"

In violation of 18 U.S.C. § 875(c).

A TRUE BILL

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By:

FOR: G. KARTHIK SRINIVASAN
MARK ROOMBERG
ASSISTANT UNITED STATES ATTORNEYS

**TAB 5**

**FILED**

October 21, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ MLG _____

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**Plaintiff**<br><br>**v**<br><br>**JAMES WESLEY BURGER**<br>**Defendant** | Cause No: 1:25-cr-00332-ADA<br><br>**SUPERSEDING INDICTMENT**<br><br>**[Cts. 1 - 3: 18 U.S.C. § 875(c) – Interstate Threatening Communication]**<br><br>**1:25-CR-00332 ADA-SH** |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**Interstate Threatening Communication**
**[18 U.S.C. § 875(c)]**

On or about January 23, 2025, in the Western District of Texas and elsewhere,

Defendant,

**JAMES WESLEY BURGER,**

did knowingly transmit in interstate commerce a communication, specifically, statements on

Roblox publicly accessible to attack a Christian concert, and the communication contained a

threat to injure the person of another. Specifically, the communication included a threat to "deal

a grievous wound upon the followers of the Cross," for the purpose of issuing a threat, with

knowledge that the communication will be viewed as a threat, and recklessly disregarding a

substantial risk that his communication would be understood as a threat.

In violation of 18 U.S.C. § 875(c).

## COUNT TWO
### Interstate Threatening Communication
### [18 U.S.C. § 875(c)]

On or about January 27, 2025, in the Western District of Texas and elsewhere,

Defendant,

## JAMES WESLEY BURGER,

did knowingly transmit in interstate commerce a communication, specifically, statements on

Roblox publicly accessible to attack a Christian concert, and the communication contained a

threat to injure the person of another. Specifically, the communication included:

> I've come to conclude it will befall the 12 of Shawwal aa/And it will be a music
> festival/Attracting bounties of Christians s/In'shaa'allah we willl attain martyrdom
> /And deal a grevious wound upon the followers of the Cross /Pray for me and
> enjoin yourself to martyrdom

for the purpose of issuing a threat, with knowledge that the communication will be

viewed as a threat, and recklessly disregarding a substantial risk that his communication

would be understood as a threat.

In violation of 18 U.S.C. § 875(c).

## COUNT THREE
### Interstate Threatening Communication
### [18 U.S.C. § 875(c)]

On or about January 21, 2025, in the Western District of Texas and elsewhere,

Defendant,

## JAMES WESLEY BURGER,

did knowingly transmit in interstate commerce a communication, specifically, statements on

Roblox publicly accessible to attack a Christian concert, and the communication contained a

threat to injure the person of another. Specifically, the communication included a threat

I have guns In[ ]case the authorities want to arrest me . . .I am ready To sacrifice my life for my Rabb….[The Defendant would] Detonate what I've prepared Of munitions And use my firearms To take many with me, [and] Yes wish me luck On the path of martyrdom In'shaa'allah"

for the purpose of issuing a threat, with knowledge that the communication will be

viewed as a threat, and recklessly disregarding a substantial risk that his communication

would be understood as a threat.

In violation of 18 U.S.C. § 875(c).

A TRUE BILL



JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

By: _____

FOR: MARK ROOMBERG
ASSISTANT UNITED STATES ATTORNEYS

**TAB 6**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 1:25-CR-00332-ADA |
| JAMES WESLEY BURGER | ) | |
| | ) | |

**ORDER**

On this date, the Court considered Defendant's Motion to Dismiss. Dkt. 53. The Court, having considered the motion, the response, the reply, and heard arguments from counsel, is of the opinion that the motion should be **GRANTED.**

On November 24, 2025, the Court orally ruled on this motion and dismissed Mr. Burger's indictment. A memorandum in support of this written order reflecting the dismissal is forthcoming.

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss (Dkt. 53) is hereby GRANTED. The Indictment (Dkt. 40 – Superseding Indictment) is HEREBY DISMISSED.

**SIGNED** on November 26, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**TAB 7**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:25-CR-00332-ADA** |
| | § | |
| | § | |
| **JAMES WESLEY BURGER** | § | |

## <u>ORDER DISMISSING INDICTMENT</u>

On November 26, 2025, this Court granted Defendant's Motion to Dismiss (Dkt. 53) and dismissed the Superseding Indictment (Dkt. 40).  After the Government filed a notice of appeal, the Fifth Circuit entered a temporary administrative stay of ten days requesting that this Court "provide its reasons for [1] dismissing the superseding indictment against James Wesley Burger and [2] ordering him released from custody," citing Federal Rule of Criminal Procedure 12(d).[1] Dkt. 80.  The opinion below states the Court's "essential findings" pursuant to Fed. R. Crim. P. 12(d).[2]

## I.        BACKGROUND

A three-count indictment alleged that Defendant James Wesley Burger violated 18 U.S.C. § 875(c) by making unlawful interstate-threatening communications ("the threatening communications") on Roblox—an online video game platform that allows players to create their own "experiences" or "games" on public or personal servers and to disseminate those games to other players. The threatening communications were made in a popular Roblox experience called

---

[1] The Fifth Circuit also requested transcripts of Mr. Burger's detention and motions hearings. The Court has filed the requested transcripts. *See* Dkt Nos. 85, 86, and 90.

[2] The Court's opinion in no way condones Mr. Burger's statements or diminishes the important work the FBI and prosecutor's office performed in this case.

"Church," which had logged 20 million visits at the time it was taken down after Mr. Burger's arrest. Dkt. 53 at 3. To play Roblox, players would create an avatar, choosing its physical appearance and clothing. Upon entering "Church," the avatar would find a space with rows of pews and a pulpit. The Church experience provided a venue where the avatars could exist, walk around, observe, and if they chose, interact. Some players engaged in role-play, including arguments and "trolling," intentionally engaging in distasteful debate and attempting to be edgy and anger others. *Id.* Dkt 59. ¶ 5. Some Roblox players dressed their avatars as "Middle East terrorists" and discussed "violent Jihadism." Dkt. 85 at 18.

In the context of Roblox's Church environment, Mr. Burger made multiple disturbing statements, including: (Count 1) threats to "deal a grievous wound upon the followers of the Cross;" (Count 2) "I've come to conclude it will be the 12 of Shawwal aa/And it will be a music festival/Attracting bounties of Christians/In'shaa'allah we will attain martyrdom/And deal a grievous wound upon followers of the cross/Pray for me and enjoin yourself to martyrdom;" and (Count 3) "I have guns In[]case the authorities want to arrest me … I am ready to sacrifice my life for my Rabb….[The Defendant would] Detonate what I've prepared Of munitions And use my firearms To take many with me," and "Yes wish me luck on the path of martyrdom In'shaa'allah." Dkt. 40.

Defendant moved to dismiss the indictment under Fed. R. Crim. P. 12, claiming "the First Amendment shields Mr. Burger from prosecution for [his] speech." Dkt. 53 at 1. The Government countered that First Amendment protections do not apply to true threats where the speaker "means to communicate a serious expression of an intent to commit an act of unlawful

violence to a particular individual or group of individuals."  Dkt. 59 at 7 (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)).[3]

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 12 authorizes the court to dismiss an indictment when a pretrial motion presents a question of law in the presence of undisputed facts. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005). Under § 875(c), the court must dismiss an indictment if no reasonable juror could find that the communication at issue was a "true threat." *United States v. Daughenbaugh*, 49 F.3d 171, 173 (5th Cir. 1995). Thus, the court performs a gatekeeping function in deciding, as a matter of law, whether the First Amendment protects the defendant's speech.  *See United States v. O'Dwyer*, 443 Fed. App'x 18, 20 (5th Cir. 2011) (per curiam).

The required *mens rea* is recklessness as to the threatening character of the statements. *Counterman v. Colorado*, 600 U.S. 66, 73 (2023). A person acts recklessly when he "consciously disregard[s] a substantial [and unjustifiable] risk that the conduct will cause harm to another." *Id.* at 79 (citing Voisine v. United States, 579 U.S. 686, 691 (2016) (internal quotation marks omitted)). In the "true threat" context, the speaker must have been aware "that others could regard his statements as" threatening violence and "deliver[ed] them anyway." *Id.* (citing Elonis, 575 U.S. at 746, 135 S.Ct. 2001 (ALITO, J., concurring in part and dissenting in part)). *See also* Dkt. 59 at 9-10 (citing heightened burden under *Counterman v. Colorado,* 600 U.S. at 73 600 U.S. 66, 73 (2023), to prove "the defendant had some understanding of his statement's character.") *Counterman*, 600 U.S. at 73.

---

[3] Mr. Burger also moved under the Fifth Amendment, claiming the statute he is charged with violating (Title 18, United States Code, Section 875(c)) is void for vagueness.  The Court did not reach this issue as it found that Mr. Burger's speech was protected as a matter of law under the First Amendment.

## III.     ANALYSIS

Below, the Court outlines the facts relevant to its analysis and explains the basis for its conclusion that Defendant's speech as alleged in the superseding indictment is protected by the First Amendment.

### A.     The Motion to Dismiss Presents Undisputed Facts

For purposes of this Motion, the Defendant does not dispute the facts contained in the superseding indictment. *See, e.g.*, Dkt. 53 at 14; *see also* 3–13 (discussing facts of the case); Dkt. 59 at 3-7 (same). Thus, for the purposes of this motion, the Court accepts the Government's versions of the facts as true. The Court does not, however, accept the legal conclusions contained in the Government's statements. For example, the Court disagrees with the Government's legal conclusion that "[Defendant's] statements were true threats."  Dkt. 59 at 4. Further, the Court rejects the Government's position that evidence it collected ***after*** the threatening communications were made, which evidence was not known to any recipient of the allegedly threatening communications, is relevant in determining whether a reasonable jury could find Mr. Burger's statements to be "true threats."

### B.     Evidence Not Known to Any Recipient of Mr. Burger's Statements Cannot Support a Conviction

Mr. Burger was charged with transmitting "in interstate … commerce any communication containing … any threat to injure the person of another."  18 U.S.C. § 875(c).  A communication is a "threat" if "in its context [it] would have a reasonable tendency to create apprehension that its originator will act according to its tenor." *United States v. Morales*, 272 F.3d 284, 287 (5th Cir. 2001). The focus is on whether the "recipient of the in-context threat reasonably feared [the threat] would be carried out."  *Id.* (quoting *United States v. Myers*, 104 F.3d 76, 79 (5th Cir. 1997)).

To make this determination, logic dictates that the evidence be limited to facts known to the recipient, whose apprehension or fear must be reasonable based on the context in which the threatening communications are made. In contrast here, the Government seeks to demonstrate the threatening nature of Defendant's communications by relying on out-of-context, extrinsic evidence unknown to any recipient of the alleged threatening communications (i.e., those who saw the communications charged in the superseding indictment). Specifically, the Government points to Mr. Burger's computer search history and later-discovered communications and sharing of bomb-making instructions and photographs with another individual. Dkt. 59 at 4–7. There is no claim that a recipient of the threatened communications was made privy to that evidence. Accordingly, the evidence is extrinsic, out-of-context, and irrelevant to the jury's determination whether Mr. Burger's communication was a true threat.[4]  As such, the only facts that could possibly support a conviction here are presented in paragraphs 5 through 8 of the Government's response, Dkt. 59.

### C.        The Undisputed Facts Show That Mr. Burger's Speech is Protected

Each count of the superseding indictment charges Mr. Burger with making threatening communications in the context of Roblox's Church, where individuals appear as avatars and intentionally engage in distasteful debate. Dkt. 59 ¶ 5. Defendant made the statements at issue while playing an *online video game*, speaking as a *character*, among other *players* who were similarly acting as *characters* in a virtual Church. The Government would need to convince the jury that Mr. Burger, while typing *as his character*, making statements to the other *online characters*, in a fictional game understood as such by all participants, created a substantial risk

---

[4]  As the Government admitted, none of the Government's evidence is sufficient evidence of any other crime, such as attempted terrorism. Dkt. 86 at 18-19. Thus, the Government wishes to take otherwise non-criminal behavior and bootstrap it to obtain a conviction that requires a "true threat."

his communications would be understood as a threat by other Roblox players. There is no showing that Mr. Burger recklessly disregarded the risk that other online characters, *also playing a game*, would see his fictional character's statements and understand them to be a true threat.

The jury would be asked to find, beyond a reasonable doubt, that Mr. Burger's statements were a true threat made in a public video game where people role-play. Without more context, such as Mr. Burger's search history, no reasonable juror could find that these statements were true threats outside the purview of the First Amendment. This Court follows *Counterman*'s guidance in finding that the true-threat standard requires a subjective showing, and this case fails to meet it.

### i. No reasonable juror could find Count One is a true threat beyond a reasonable doubt based on the contents and context of the statement.

Count 1 charges Defendant Burger for stating, "deal a grievous wound upon the followers of the Cross." Dkt. 40. Again, this allegedly threatening statement was made in the context of a role-playing video game. Specifically, it was made in a world designed for religious debate, where Roblox players would dress their avatars as different religious figures included Islamic terrorists. Dkt. 85 at 18.

Though Burger's statement is troubling, he did not threaten harm to any particular individual. *See U.S. v.* O'Dwyer, 443 Fed. Appx. 18, 20 (5th Cir. 2011) (holding that O'Dwyer's statements were not true threats, in part, because they "did not threaten bodily harm to any particular individual.") The communication merely describes, "followers of the Cross." Burger could have been referring to followers of the Cross within the Roblox "Church" experience. Even if he was referring to Christians in the real world, the statement did not threaten harm to a particularized or identifiable group. Additionally, the statement did not state a specific means, time, or place of attack. Due to the statement's lack of specificity and the role-playing context in

which it was made, the Court finds that a reasonable juror could not find the communication in Count 1 a "true threat."

## ii. No reasonable juror could find Count Two is a true threat beyond a reasonable doubt based on the contents and context of the statement.

Count 2 charges Defendant Burger for stating on Roblox, "I've come to conclude it will befall the 12 of Shawwal aa/And it will be a music festival/Attracting bounties of Christians s/In'shaa'allah we willl attain martyrdom /And deal a grievous wound upon the followers of the Cross /Pray for me and enjoin yourself to martyrdom." Dkt. 40.

Again, Defendant's charged statement was made in the Roblox "Church" experience. While Count 2 involves the highest level of particularity by describing a "music festival" on the "12 of Shawwal," it does not threaten harm against a particularized group or clarify the location of the music festival. Due to the statement's lack of specificity and the role-playing context in which it was made, the Court finds that a reasonable juror could not find the communication in Count 2 a "true threat."

## iii. No reasonable juror could find Count Three is a true threat beyond a reasonable doubt based on the contents and context of the statement.

Count 3 charges Defendant Burger for stating on Roblox, "I have guns In[ ]case the authorities want to arrest me . . .I am ready To sacrifice my life for my Rabb….[The Defendant would] "Detonate what I've prepared Of munitions And use my firearms To take many with me," and "Yes wish me luck On the path of martyrdom In'shaa'allah."

As is true for the first two counts, Defendant's statements were made in the context of the Roblox "Church" experience and lack specificity. Though disturbing, Defendant does not identify any targeted group or location within the allegedly threatening statement. Due to the

statement's lack of specificity and the role-playing context in which it was made, the Court finds that a reasonable juror could not find the communication in Count 3 a "true threat."

## IV.    CONCLUSION

For the reasons stated above, no reasonable jury could conclude that the charged statements were true threats. Thus, Mr. Burger's statements, as abhorrent as they are, are protected by the First Amendment. Accordingly, the Court grants Mr. Burger's Motion to Dismiss.

SIGNED this 10th day of December, 2025.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**TAB 8**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | **1:25-MJ-583** |
| | § | |
| JAMES WESLEY BURGER, | § | |
| Defendant. | § | |

### ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on May 27, 2025. I conclude that the following facts require the detention of the defendant pending trial in this case.

After a review of the charging instrument(s), the Government's Motion to Detain, the pretrial services report, the evidence presented and the arguments of counsel, I find:

a) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance because there is a serious risk that the defendant will flee and,

b) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

My decision is based upon the following factors: the nature of the charges described in the Complaint, namely Threats Communicated in Interstate Commerce in violation of Title 18, United States Code § 875(c); the significant statutory and guideline penalties associated with any potential future conviction on these charges and the weight of the evidence against the defendant. The following issues also contribute to the need for continued detention in this case: the Defendant's affinity for firearms and violence, his continued drug use, and the lack of any residence to which

1

he could be released. Lastly, detention of the defendant is also warranted for the reasons set forth in the pretrial services report (page 4) as factors related to the defendant's risk of nonappearance and danger.

My decision is based upon the following factors: the nature and circumstances of the offense charged; the weight of the evidence against the defendant; and the history and characteristics of the defendant, including his lengthy criminal history. In addition, detention of the defendant is also warranted for the reasons set forth in the pretrial services report (page 13) as factors related to the defendant's risk of nonappearance and danger.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED May 27, 2025.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE

2

**TAB 9**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NO. 1:25-CR-00332-ADA** |
| **JAMES WESLEY BURGER** | ) | |
| | ) | |

## <u>ORDER</u>

This matter before the Court on the Government's Motion to Stay Order Dismissing Superseding Indictment and Release Pending Appeal. The Court has reviewed the Motion and James Burger's Response, as well as the applicable law and relevant facts.

On November 24, 2025, the Court orally dismissed Mr. Burger's indictment, and a written order reflecting that dismissal is forthcoming. 18 U.S.C. § 3142 provides that a detention or release order shall issue upon the appearance of a "person charged with an offense[.]" 18 U.S.C. § 3142(a). The Court agrees that Mr. Burger is no longer charged with an offense following the Court orally dismissing the indictment, and therefore Mr. Burger cannot be detained pursuant to § 3142. Therefore, the Court finds that Mr. Burger should not remain detained.

Further, the Court does not find that its order dismissing Mr. Burger's indictment should be stayed pending appeal. Under Fifth Circuit law, a stay is an "extraordinary remedy[.]" *Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022). A motion for a stay requires consideration of:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*See E.T. v. Paxton*, 19 F.4th 760, 764 (5th Cir. 2021) (citations omitted). The Government has failed to make any showing of any of the required factors and the Court does not find that the extraordinary remedy is warranted here. While the Government asserts that Mr. Burger is a danger to the community based on the crimes for which he was indicted, the Government fails to make a clear showing to support that assertion and fails to clearly address the required factors. *See* Dkt. 72. The Court therefore finds that a stay pending the Government's appeal is inappropriate in this case.

IT IS HEREBY ORDERED that the Government's Motion to Stay Order Dismissing Superseding Indictment is **DENIED.**

IT IS FURTHER ORDERED that the Government's Motion to Stay Release Pending Appeal is **DENIED.**

**SIGNED** on November 25, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

**TAB 10**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:25-CR-00332-ADA |
| | ) | |
| JAMES WESLEY BURGER | ) | |

## O R D E R

On this date came on to be considered the Government's Motion for Detention/Bond Hearing (Dkt. 79), and Defendant's Motion for Release Pending Government Appeal (Dkt. 81). The Court has reviewed both Motions, as well as the applicable law and relevant facts.

After a second hearing on the merits on November 24, 2025, the Court orally dismissed the superseding indictment against Defendant Burger. When the Court stated its intention to have Burger released following the dismissal of the indictment, the Government made no objection. Following the conclusion of the hearing, the Government filed a Motion to Stay Order Dismissing Superseding Indictment and Release Pending Appeal. Dkt. 72. The Court DENIED that Motion on November 25, 2025. Dkt. 76.

On December 3, 2025, the Fifth Circuit entered a temporary administrative stay of ten days. Dkt. 80. However, the Fifth Circuit clarified that, "entry of this temporary administrative stay does not affect any relief that the district court may provide pursuant to 18 U.S.C. § 3143. *Id.*

Under 18 U.S.C. § 3143(c), the Court "shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order." Under 18 U.S.C. § 3142(b), the Court can release the defendant on personal

recognizance, unless such release will not reasonably assure the appearance of the person or will endanger the safety of any other person or the community.

The Court finds that Defendant poses no flight or safety risk. Burger is a 19-year-old that lives with his family. Dkt. 81 at 2. He has no driver's license or vehicle. *Id.* He has no access to firearms, weapons, or munitions. *Id.* The Government's Motion (Dkt. 79) raises no facts that suggest otherwise.

IT IS HEREBY ORDERED that the Government's Motion for Detention/Bond Hearing (Dkt. 79) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Release Pending Government Appeal (Dkt. 81) is GRANTED.

SIGNED this 4th day of December, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I certify that on January 2, 2026, I filed this brief through this Court's electronic case-filing system, which will serve it on all registered counsel.

*/s/ Zachary C. Richter*
Zachary C. Richter
Assistant United States Attorney